Connie H. BACUS; Floyd Brosman, Plaintiffs—Appellants,

v.

PALO VERDE UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; Fulton J. Fisher; Richard Babb, Defendants—Appellees.

No. 99–57020.
D.C. No. CV–98–00001–RJT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Dec. 3, 2002.

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM*

█ The school board and officials argue that the teachers who brought suit lack standing to represent students and claim no harm to themselves other than a general grievance about governmental conduct affecting all citizens. We need not consider the argument that the teachers lack standing to make claims on behlaf of their students, because they plainly have standing to make their claims on their own behalf. The teachers have sufficiently shown injury in fact because as teachers in the community, and as president of the teachers' association and president of the teachers' union, they have reason to and do regularly attend the school board meetings where the invocations they claim violate the Constitution are recited. As attendees at the meetings, they have, if the prayers are unconstitutional, suffered "injury in fact" "fairly traceable" to the challenged conduct that "would be redressed"

by the declaratory and injunctive relief they seek. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

█ We need not determine whether prayers at school board meetings are more like prayers in state legislatures, as in *Marsh v. Chambers*, 463 U.S. 783, 103 S.Ct. 3330, 77 L.Ed.2d 1019 (1983), or more like prayers in schoolrooms, as *Coles v. Cleveland Board of Education*, 171 F.3d 369 (6th Cir.1999). If prayers at a school board meeting are like prayers in a school classroom, then plainly these regular prayers "in the Name of Jesus" would be unconstitutional. On the facts of this case, even if the school board is like a state legislature for this purpose, the invocations are unconstitutional. So *Marsh*, assuming without deciding that it is applicable, would not save the practice in the case at bar. In *Marsh* the legislative chaplain "removed all references to Christ" after the sectarian nature of his prayers was brought to his attention, *id.* at 783, n. 14, 103 S.Ct. 3330, and the prayer did not "advance any one ... faith or belief." *Id.* at 782–83. In the case at bar the references to Christ were not removed despite objection, and the prayers, almost always "in the Name of Jesus," did advance one faith.

And we need not decide whether the prayers "in the Name of Jesus" would be a permissible solemnization of a legislature-like body, provided that invocations were, as is traditional in Congress, rotated among leaders of different faiths, sects, and denominations. *Cf. Marsh* at 783 n. 13, 103 S.Ct. 3330. Here the record indicates that the same individual almost always offered the invocation, always "in the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Name of Jesus," and no individuals of other religions ever gave the invocation.

The school board argues, and we agree, that the prayers did not disparage other religious faiths, and did not proselytize. But that is not enough. Even assuming that the school board can be treated like a state legislature, which we do not decide, its invocations must not "advance any one ... faith or belief." *Marsh* at 782–83, 103 S.Ct. 3330. These prayers advanced one faith, Christianity, providing it with a special endorsed and privileged status in the school board. Some religions accept Jesus Christ as the Messiah, some do not, and some people do not believe in any religious faith. Solemnizing school board meetings "in the Name of Jesus" displays "the government's allegiance to a particular sect or creed," *County of Allegheny v. ACLU,* 492 U.S. 573, 603, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989).

The school board' practice of almost always praying "in the Name of Jesus" to commence its meetings necessarily has the effect of "making adherence to a religion relevant" to the plaintiffs' "standing in the political community." They sought to participate in and influence this political community, but they do not share the Christian religious beliefs with the school board member who generally performed the invocation and cannot honestly proceed "in the Name of Jesus." The Establishment Clause requires that "one religious denomination cannot be officially preferred over another." *Larson v. Valente,* 456 U.S. 228, 244, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982).

The school board's argument that restricting the invocations would impinge on First Amendment rights is frivolous. The First Amendment prohibits government from establishing a preferred religion, by speech or other means. Of course its members are as individuals entitled to pray as they choose, but the board is not entitled to incorporate in its agenda regular prayers that endorse and give privileged governmentally endorsed status to one religious faith. Injunctions against governmental prayers violative of the Establishment Clause are routinely granted. *See e.g., Lee v. Weisman,* 505 U.S. 577, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992).

REVERSED.