EDITH H. JONES, Chief Judge,
joined by E. GRADY JOLLY, JERRY E. SMITH, EMILIO M. GARZA, DeMOSS, EDITH BROWN CLEMENT, PRADO and OWEN, Circuit Judges:
After the court voted to rehear this case en banc, a review of the record prompted further inquiry, which we are bound to make,[1] concerning the Does’ standing to sue. The Supreme Court has admonished that,
This obligation to notice defects in a court of appeals’ subject-matter jurisdiction assumes a special importance when a constitutional question is presented. In such cases we have strictly adhered to the standing requirements to ensure that our deliberations will have the benefit of adversary presentation and a full development of the relevant facts.
Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541-42, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (footnote omitted). Constitutional standing requires that the plaintiff personally suffered some actual or threatened injury that can fairly be traced to the challenged action and is redressable by the courts.[2] Standing to sue must be *497 proven, not merely asserted, in order to provide a concrete case or controversy and to confíne the courts’ rulings within our proper judicial sphere.
Standing to challenge invocations as violating the Establishment Clause has not previously been based solely on injury arising from mere abstract knowledge that invocations were said.[3] The question is whether there is proof in the record that Doe or his sons were exposed to, and may thus claim to have been injured by, invocations given at any Tangipahoa Parish School Board meeting. As the dissenters agree, there is no basis for taxpayer standing. More to the point, there is no evidence of such exposure in the record of this case, which was “fully” tried on stipulations.[4] Plaintiffs’ counsel acknowledged both in supplemental letter briefing and oral argument to the en banc court that the proof deficiency was unintentional, and he urges us to infer that the Does attended school board meetings where an invocation occurred. Unfortunately, the minimal record in this case affords no basis for drawing that inference, if it were permitted, which it is not.[5]
Only three points need be made in response to the dissents. First, just as there *498 is no evidentiary proof that any of the Does ever attended a school board session at which a prayer like those challenged here was recited, so, too, Judge Barksdale cites no authority to support his implied-admission theory of standing. It is contrary to the Supreme Court cases cited above. See supra notes 2 and 3. Interestingly, it also conflicts with an opinion by now-Justice Alito, which held, after a real trial on the merits, that plaintiffs had presented insufficient proof of their exposure to and personal offense from an allegedly unconstitutional civic Christmas display to support standing.[6] ACLU-NJ v. Township of Wall, 246 F.3d 258, 266 (3d Cir.2001). The opinion notes,
While we assume that the Millers disagreed with the 1999 display for some reason, we cannot assume that the Millers suffered the type of injury that would confer standing. As noted, “the party invoking federal jurisdiction bears the burden of establishing [standing] ... in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at successive stages of the litigation.” Lujan, 504 U.S. at 561, 112 S.Ct. 2130, 119 L.Ed.2d 351. Mere assumption would not satisfy the plaintiffs’ burden to prove an element of their cause of action at this stage of the litigation and it cannot satisfy their burden to prove standing.

Id.

Second, Judge Barksdale’s dissent intimates that lower courts can infer standing from the Supreme Court’s decision in similar Establishment Clause cases where the issue was not ruled on by the Court.[7] This proposition is incorrect. Going back to Chief Justice Marshall, the Court has consistently held that it “is not bound by a prior exercise of jurisdiction in a case where [jurisdiction] was not questioned and it was passed sub silentio.” United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54 (1952)(Jackson, J.) (citations omitted); see also Steel Co., 523 U.S. at 91, 118 S.Ct. at 1011, Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Fed. Election Comm’n v. NRA Political Victory Fund, 513 U.S. 88, 97, 115 S.Ct. 537, 542-43, 130 L.Ed.2d 439 (1994).
Finally, Judge Benavides relies on the pretrial order for the proposition that no “facts” relevant to the Does’ standing were in dispute. Justice Alito’s careful opinion again shows the way. This court can certainly “assume” that the Does may have been offended by an invocation at a school board meeting, if they attended one. Unfortunately, there is no correlation between their attendance and the prayers to which the parties have stipulated. It is not this court’s fault that the connection between their attendance and allegedly un *499 constitutional activity is not made in the record.[8] Moreover, Judge Benavides overlooks that Paragraph 8 of the “contested issues of fact” in the pretrial order states that “All issues of fact implicit in the contested issues of law” remain contested.
Without the requisite specifics, this court would be speculating upon the facts. This is something we cannot do, particularly in the standing context, where the facts must be proven, not merely asserted or inferred. See Lujan, 504 U.S. at 561, 112 S.Ct. at 2136. Notwithstanding the dissents, plaintiffs’ counsel admitted both in briefing and in oral argument to the en banc court that the necessary proof is absent from the record. No amount of creative inferences from the pretrial order or “stipulations” can overcome this defect. As standing is not subject to waiver by the parties, see supra note 1, the Board’s pretrial, and even post-trial, failures to contest standing cannot, ipso facto, create jurisdiction in federal court.
To find lack of standing at this late stage no doubt poses an inconvenience for the parties. On the other hand, it spares this court from issuing a largely hypothetically-based ruling on issues of broad importance to deliberative public bodies in this circuit and beyond.[9] Finally, given the ideological nature of the case, it is not hard to conceive that a more concrete controversy may arise in the future.
The judgment of the district court is VACATED, and the case REMANDED WITH INSTRUCTIONS TO DISMISS.

. Standing is a jurisdictional requirement and not subject to waiver. Lewis v. Casey, 518 U.S. 343, 349 n. 1, 116 S.Ct. 2174, 2178 n. 1, 135 L.Ed.2d 606 (1996). A federal court must consider its jurisdiction sua sponte. Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 93, 118 S.Ct. 1003, 1011, 140 L.Ed.2d210 (1998).

. As the Supreme Court stated in Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 758-59, 70 L.Ed.2d 700 (1982), and reiterated in Bender, 475 U.S. at 542-43, 106 S.Ct. at 1332:
At an irreducible minimum, Art. Ill requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision ....
The requirement of actual injury redressa-ble by the court, serves several of the implicit policies embodied in Article III. It tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action. The "standing” requirement serves other purposes. Because it assures an actual factual setting in which the litigant asserts a claim of injury in fact, a court may decide the case with some confidence that its decision will not pave the way for lawsuits which have some, but not all, of the facts of the case actually decided by the court.
(internal quotation marks and citations omitted); see also Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11-12, 124 S.Ct. 2301, *497 2308-09, 159 L.Ed.2d 98 (2004); Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992).

. Cf. Hinrichs v. Bosnia, 440 F.3d 393, 396-98 (7th Cir.2006) (plaintiff had taxpayer standing); Simpson v. Chesterfield County Bd. of Supervisors, 404 F.3d 276, 279-80 (4th Cir.2005) (plaintiff not permitted by county to offer invocation); Wynne v. Great Falls, 376 F.3d 292, 294 (4th Cir.2004) (plaintiff "regularly attended” council meetings where offending prayers occurred); Bacus v. Palo Verde Unified Sch. Dist., 52 Fed.Appx. 355, 356 (9th Cir.2002) (unpublished) (teachers “regularly attend the school board meetings where the invocations ... are recited”); Coles v. Cleveland Bd. of Educ., 171 F.3d 369, 374 (6th Cir.1999) (student and teacher attended specific board meeting where offending prayers were offered); Snyder v. Murray City Corp., 159 F.3d 1227, 1229-30 (10th Cir.1998) (plaintiff not permitted to offer invocation); Murray v. City of Austin, 947 F.2d 147, 151 (5th Cir.1991) (plaintiff submitted affidavit that he was exposed to the cross on city’s insignia).

. This case was placed before the district court without testimony and on the basis of stipulations that are woefully inadequate to afford the precise factual context on which sensitive church-state decisions must be based. See Staley v. Harris County, 485 F.3d 305, 309 (5th Cir.2007) (en banc). An example is Stipulation No. 18, which states:
In order to avoid the necessity of calling "live” witnesses to testify at trial, the parties have agreed to stipulate to the following testimony as though such testimony was elicited from the witness stand: the individual defendants called as witnesses at the trial would testify under oath that the Tan-gipahoa School Board does not discriminate on the basis of religious viewpoint and that any individual who wants to give the invocation prior to a board meeting can do so regardless of their religious beliefs.
At oral argument, Plaintiffs’ counsel disagreed that this was a statement of fact and said that the “stipulations” are assertions that could be contradicted in the event of cross-examination.

. See Sinochem Int'l Co. v. Malaysia Int’l Shipping Corp., — U.S. —, 127 S.Ct. 1184, 1191, 167 L.Ed.2d 15 (2007) (“ ‘Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.” (quoting Steel Co., 523 U.S. at 94, 118 S.Ct. at 1012)); Spencer v. Kemna, 523 U.S. 1, 10-11, 118 S.Ct. 978, 984-85, 140 L.Ed.2d 43 (1998)(noting the " ‘long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record,’ and that 'it is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.’ ” (quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990) (citations omitted))).

. The Alito opinion also alludes to the difficulty of inferring, without proof, facts necessary to establish standing:
While Mr. Miller testified that he went to the municipal complex and observed the Township’s 1999 display, it is unclear whether he did so in order to describe the display for this litigation or whether, for example, he observed the display in the course of satisfying a civic obligation at the municipal building.... Moreover, neither Mr. Miller nor Mrs. Miller provided testimony regarding their reaction to the 1999 display, which was significantly different from the display in 1998.

Id.

. See Barksdale dissent, citing Murray, 947 F.2d at 151; and later asserting that "standing is more relaxed for Establishment Clause claims ....", citing Lee v. Weisman, 505 U.S. 577, 583, 112 S.Ct. 2649, 2653, 120 L.Ed.2d 467 (1992) (where the Court did not reach the issue).

. The amended complaint to which Judge Be-navides points is not verified, and therefore cannot constitute record proof.

. Subject to footnote 4, supra, the parties' Stipulation No. 7 stated: “In Louisiana, school boards are deliberative bodies constituted to act in the public interest.”