NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1693
_____

HAVIS FRANCOIS,
as personal representative of the Estate of JASMIN FRANCOIS;
HAVIS FRANCOIS,
as personal representative of the Estate of NYANNA FRANCOIS;
JOYCE SHARPLIS,
as personal representative of the Estate of JONATHAN LAKE;
MARY ANTHONY,
as personal representative of the Estate of JOHN KELLY;
GLENIS JNO BAPTISTE,
as personal representative of the Estate of ANNE MARIE GUYE

v.

HARTFORD HOLDING COMPANY;
HARTFORD FINANCIAL CORPORATION;
JOHN DOE DEFENDANT NUMBER ONE;
CHRISTOHER ADINGUPU;
AIR ANGUILLA;
CARDINAL AIRLINES LTD.

Havis Francois, Joyce Sharplis,
Mary Anthony, Glenis Jno Baptiste,
Appellants
_____

Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 1-00-cv-00112 and 1-01-cv-00009)
District Judge: Honorable Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2011

Before: SCIRICA, RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: April 20, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

This case arises out of the fatal crash of Cardinal Airlines, Inc.'s flight 947 on August 23, 1998. That flight, which originated in St. Maarten in the Netherlands Antilles, crashed on its approach to the airport in the Commonwealth of Dominica in the West Indies, killing all of the passengers aboard and the pilot. The plaintiff-appellants assert wrongful-death claims on behalf of the estates of two of the deceased passengers, a Dominican national and a citizen of the Netherlands, against Cardinal Airlines and Air Anguilla, Inc., which maintained and flew the aircraft for Cardinal Airlines. On appeal, they ask us to review an order of the District Court dismissing the case on *forum non conveniens* grounds, without prejudice to refile their actions in the Commonwealth of Dominica. We will affirm.

**I.**

The decision on a *forum non conveniens* motion is "'committed to the sound discretion of the trial court.'" *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 188-89 (3d Cir. 2008) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)). Thus, "where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.'"

*Id.* (quoting *Piper Aircraft*, 454 U.S. at 257).  After reviewing the briefs and relevant portions of the record, we conclude that the District Court in this case correctly determined that the Commonwealth of Dominica provides an adequate alternative forum, considered all of the relevant public and private interest factors, and balanced those factors reasonably.

The District Court determined that Dominica is an adequate alternative forum for the prosecution of plaintiffs' claims because Cardinal has consented to jurisdiction in Dominica; Dominican law recognizes wrongful-death claims; a "savings provision" in Dominica's Transnational Causes of Action (Product Liability) Act ("TCAPL Act") extends the statute of limitations for cases filed in Dominica after dismissal by a foreign court on *forum non conveniens* grounds; and Dominican courts have indicated, in a parallel case involving these parties and this incident, that they will enforce Cardinal's agreement to waive the statute of limitations with respect to plaintiffs' claims.  *See Francois v. Hartford Holding Co.*, No. 2000/0112, 2010 WL 1816758, at *2-4 (D.V.I. May 5, 2010).  Although we agree with plaintiffs that the District Court erred in taking the TCAPL Act's savings provision into account (Dominican courts held that the Act does not apply to plaintiffs' claims), that was only one aspect of its analysis.  We are satisfied that the remaining considerations justify the District Court's determination.[1]

The District Court also concluded that both the private and public interest factors in this case weigh in favor of dismissal.  On the public interest side, it noted that the crash

---

[1] We acknowledge that another defendant, Air Anguilla, has not consented to jurisdiction or agreed to waive any statute of limitations defense in Dominica.  However, Air Anguilla has defaulted and, thus, will not be on trial in Dominica.

occurred in Dominica and Dominican law likely applies to plaintiffs' claims; the flight was not to or from the United States and no American citizens or residents were aboard; and trying the case in the Virgin Islands would unduly burden the Court's already overextended docket. *Id.* at \*5. On the private interest side, the District Court considered and rejected plaintiffs' concerns about the availability of witnesses and evidence in Dominica. *Id.* at \*6. We agree with the District Court and conclude that none of plaintiffs' arguments on appeal, which essentially amount to requests to review *de novo* issues the District Court considered and resolved against them, can overcome the substantial deference we owe to its decision.[2]

## II.

Plaintiffs contend that the District Court should have determined whether it had jurisdiction over their case before dismissing it on *forum non conveniens* grounds. Relying on *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007), the District Court declined to "conclusively establish its own jurisdiction." 2010 WL 1816759, at \*6 n.17. We agree with the District Court that here, as in *Sinochem*, "considerations of convenience, fairness and judicial economy" supported the decision to resolve the *forum non conveniens* issue first, particularly given the lack of connection between plaintiffs' claims and the United States and the fact that Dominican courts have already indicated that they are willing and able to adjudicate those claims.

---

[2] We also have considered plaintiffs' argument that the District Court failed to accord their choice of forum proper deference, and find it unavailing.

4

## III.

Plaintiffs' argument that the District Court abused its discretion in denying their motion for recusal also lacks merit. Plaintiffs sought recusal on the grounds that the District Judge (1) forfeited his impartiality by conducting a settlement conference and facilitating settlement negotiations between the parties in March and April of 2009; and (2) pressured plaintiffs' local counsel to withdraw from the case. We have reviewed the record and are confident that, as to the first ground, the District Court acted well within its authority in facilitating a settlement between the parties, and, as to the second ground, no record evidence supports plaintiffs' allegations.

## IV.

For all of the foregoing reasons, we will affirm the judgment of the District Court.