WALLACE, Senior Circuit Judge,
concurring in the judgment:
I agree with the majority’s conclusion that there was no abuse of discretion in the district court’s decision to decline to exercise supplemental jurisdiction, but I do not agree with the majority’s method of reaching that conclusion without first as *758 sessing whether federal subject matter jurisdiction existed at all.
A federal court must have original jurisdiction before it can exercise supplemental jurisdiction. 28 U.S.C.. § 1367(a). Although I cannot dispute that the majority is now permitted by Sinochem Int’l Co. v. Malaysia Int’l Shipping Corp., 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007), to decide an issue before it determines its power to do so, the approach needlessly departs from traditional federal jurisdiction theory: no jurisdiction, no power to act. Here, the district court issued a judgment on the merits by dismissing portions of two causes of action as preempted. While we were not asked to review this merits decision because Bierman did not appeal from it, defects in subject matter jurisdiction “go to the inherent power of the court and cannot be waived or forfeited.” United States v. Castillo, 496 F.3d 947, 952 (9th Cir.2007) (en banc). It would have been better practice to assess the district court’s power to render this merits decision because the confirmation of original jurisdiction is logically prior to deciding whether it was proper to decline supplemental jurisdiction, and because Bierman’s actions cannot relieve us of our duty to assess the propriety of our subject matter jurisdiction.
I would have joined the Second, Fourth, and Sixth Circuits in holding that claims preempted by § 301(a) of the' Copyright Act are regarded as arising under federal law, and therefore can support removal. See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir.2004); Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 232 (4th Cir.1993); Ritchie v. Williams, 395 F.3d 283, 286-87 (6th Cir. 2005). I would have held that Bierman’s complaint did plead claims that were so preempted. Only then would I have addressed the district court’s decision not to exercise supplemental jurisdiction. I concur in the majority’s judgment, but I do not endorse its approach.