**LABORATORY CORPORATION OF AMERICA HOLDINGS,**
Plaintiff,

v.

**NATIONAL LABOR RELATIONS BOARD,** Defendant.

Civil Action No. 13–276 (RBW).

United States District Court, District of Columbia.

April 4, 2013.

Catherine E. Stetson, Jonathan Lynwood Abram, Robert Benjamin Wolinsky, Hogan Lovells, U.S. LLP, Washington, DC, John E. Kiley, Robert I. Steiner, Kelley, Drye & Warren, New York, NY, for Plaintiff.

Abby Propis Simms, Laura Bandini, Dawn Laura Goldstein, Marissa Ann Wagner, National Labor Relations Board, Washington, DC, for Defendant.

### ORDER

REGGIE B. WALTON, District Judge.

The plaintiff, a Delaware corporation with its principal place of business in North Carolina, seeks an injunction declaring that the defendant, the National Labor Relations Board ("NLRB"), is without the authority "to require, conduct, or certify a union election on behalf of patient service technicians and patient center site coordinators employed by [the plaintiff] in Northern New Jersey," and enjoining the NLRB from doing so. *See* Complaint ¶ 1, Prayer for Relief. Currently before the Court are the plaintiff's motion for a temporary restraining order and preliminary injunction and the defendant's motion to dismiss the complaint for subject matter jurisdiction or, in the alternative, to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) (2006). Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that the defendant's motion to transfer must be granted.

█ "[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.' " *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (citation omitted). And "a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection," such as "whether it has authority to adjudicate the cause." *Id.* at 425, 127 S.Ct. 1184. Indeed, other members of this Court often address whether a plaintiff's chosen venue is appropriate prior to reaching the merits of the underlying cause of action. *See Pac. Maritime Assoc. v. NLRB*, 905 F.Supp.2d 55, 58–59 (D.D.C.2012) (collecting cases). Accordingly, although the defendant requests a transfer of venue as an alternative to dismissal for lack of subject matter jurisdiction, the Court will address the venue question first.

█ Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org., Inc. v. Ricoh Corp.*,

---

1. In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Pl.'s Mem."); (2) the Defendant National Labor Relations Board's Memorandum of Law in Support of Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and in Opposition to Plaintiff's Motion for Temporary Injunction, or, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Def.'s Mem."); (3) the plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction and Opposition to Defendant's Motion to Dismiss or Transfer ("Pl.'s Reply"); and (4) the defendant's Reply Memorandum in Support of Defendant's Motion to Dismiss or Alternatively to Transfer Venue ("Def.'s Reply").

4

487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). "As a threshold requirement, the transferee court must be in a district where the action 'might have been brought.'" *Montgomery v. STG Intern., Inc.*, 532 F.Supp.2d 29, 32 (D.D.C. 2008) (quoting 28 U.S.C. § 1404(a)). If this requirement is satisfied, "then a court uses its broad discretion to balance case-specific factors related to the public interest of justice and the private interests of the parties and witnesses." *Id.* (citing, among others, *Stewart Org.*, 487 U.S. at 29–30, 108 S.Ct. 2239).

■ Regarding the threshold question under § 1404(a), it is undisputed that this case could have been brought in the District of New Jersey, where the plaintiff's facilities and employees impacted by this litigation are located, where the union election petition was filed, and where the defendant has ordered that a union election take place. *See* 28 U.S.C. § 1391(e)(1) ("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which ... a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

■ Proceeding to the next step of the § 1404(a) analysis, the Court finds that the relevant private and public interest factors weigh in favor of transfer. *See Montgomery*, 532 F.Supp.2d at 32–34 (outlining the pertinent factors). First, as noted above, the plaintiff's facilities and employees involved in this action are located in New Jersey, and the proceedings surrounding

the disputed union election order took place in New Jersey. Second, because this case is essentially a challenge to a union election that will take place in New Jersey, if at all, there is a strong local interest in having the controversy decided in the District of New Jersey, where the affected employees are located. While the Court does not doubt that this case also presents issues of national concern, *see* Pl.'s Reply at 21, that does not negate the local community's stake in the outcome of this case. Nor does this Court possess any greater ability or competence to adjudicate issues of national scope than the District of New Jersey. Third, because the plaintiff's affected facilities and employees are in New Jersey, transferring this case there would not inconvenience them.

■ The plaintiff opposes transfer on several grounds, but none are persuasive. It primarily contends that its choice of forum should be accorded deference because its claims are connected to and arose in the District of Columbia. Pl.'s Reply at 19–20. It is true that "'plaintiffs' choice of forum is frequently accorded deference, particularly where the plaintiffs have chosen their home forum and many of the relevant events occurred there.'" *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat'l Ass'n*, 856 F.Supp.2d 186, 192 (D.D.C.2012) (Walton, J.) (citation omitted). "However, 'where the chosen forum is not [the] plaintiff's home forum' or 'where there is an insubstantial factual nexus between the case and the plaintiff's chosen forum, deference to the plaintiff's choice of forum is ... weakened.'" *Id.* (citation omitted). And "'[m]ere involvement ... on the part of federal agencies, or some federal officials who are located in Washington, D.C. is not determinative' of whether the plaintiffs' choice of forum [in the District of Columbia] receives deference." *Id.* Here, the plaintiff's home fo-

rum is arguably either its state of incorporation, Delaware, or its principal place of business, North Carolina. Its facilities and employees that will potentially be impacted by this litigation are located in New Jersey and the only connection between this case and the District of Columbia are the purported actions of federal officials, *see* Pl.'s Reply at 19–20, so "the Court accords little weight to the [plaintiff's] choice of forum," *see Fed. Hous. Fin. Agency*, 856 F.Supp.2d at 192 (citation omitted).

Moreover, the underlying premise of the plaintiff's contention that its choice of forum is appropriate is that the defendant cannot take the actions complained of without a quorum. *Id.* The basis for this argument, in turn, is this Circuit's recent decision in *Noel Canning v. NLRB*, 705 F.3d 490 (D.C.Cir.2013). However, this Circuit is the only circuit to date that has ruled on the issue of whether NLRB currently has a quorum to act. Indeed, at least four other circuits, including the Third Circuit, which includes New Jersey, are currently considering the same issue. *See Evenflow Transp., Inc. v. NLRB*, No. 12–3054 (2d Cir. filed Aug. 1, 2012); *NLRB v. New Vista Nursing & Rehab.*, Nos. 11–3440, 12–1027, and 12–1936 (3d Cir. filed Mar. 29, 2013); *NLRB v. Enterprise Leasing Co., Se*, No. 12–1514 (4th Cir. filed Apr. 24, 2012); *Big Ridge, Inc. v. NLRB*, No. 12–3120 (7th Cir. filed Sept. 14, 2012). It is not "in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents, particularly in circumstances such as these where the relevant law is unsettled and the choice of forum may well dictate the outcome of the case." *Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F.Supp. 734, 737 (D.D.C.1986). And when "forum shopping is considered with the other factors in this case, *i.e.*, the . . . lack of nexus with the District of Columbia," transfer of this case to the District of New Jersey is warranted. *See id.*

The plaintiff further asserts that it is the defendant who is forum shopping. Pl.'s Reply at 22. This argument assumes too much. As discussed above, the law in the Third Circuit on the issue of whether the NLRB currently has a quorum to act remains unsettled, and the defendant has no guarantee that the Third Circuit will rule differently than this Circuit. While it is true that transferring this action to the District of New Jersey might allow the defendant to avoid a potentially unfavorable decision, that possibility, when weighed with the factors favoring transfer, does not counsel against transfer.

For the foregoing reasons, it is

**ORDERED** that the defendants' motion to transfer is **GRANTED**. It is further

**ORDERED** that the Clerk shall transfer this action forthwith to the United States District Court for the District of New Jersey. The Clerk shall effectuate the transfer on an expedited basis. It is further

**ORDERED** that the hearing on the plaintiff's motion for a preliminary injunction is **CANCELED**. It is further

**ORDERED** that all pending motions are reserved for resolution by the transferee court and are terminated from this Court's docket. It is further

**ORDERED** that this case is **CLOSED**.