**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YARRY FINE, | No. 12-56411 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00165-WQH-BGS |
| v. | |
| CAMBRIDGE INTERNATIONAL SYSTEMS, INC., a Virginia corporation; HEATHER SUMMERS; EDWARD HUGHES, Virginia residents, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 8, 2014[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Appellant Yarry Fine appeals from the judgment of the district court: (1)

dismissing this action for improper venue under 28 U.S.C. § 1406(a); and (2)

dismissing all claims against Heather Summers and Edward Hughes (the individual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants) for lack of personal jurisdiction. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We reverse in part, vacate in part, and remand.

This action arises out of the termination of Fine from his employment with Defendant-Appellee Cambridge International Systems, Inc. Fine is a citizen of California. Cambridge is a citizen of Virginia. The individual defendants are citizens of Virginia. Fine's contract with Cambridge contains a forum selection clause, stating that any dispute relating to Fine's employment must be brought in Virginia.

Fine filed an action in the Superior Court of California alleging that his employment was terminated in violation of California law. Defendants removed the case to the United States District Court for the Southern District of California on the grounds of diversity of citizenship, and subsequently filed: (1) a motion to dismiss for improper venue under Rule 12(b)(3); and (2) a motion to dismiss all claims against the individual defendants for lack of personal jurisdiction. The district court granted both motions. The district court dismissed the complaint as to Cambridge under Rule 12(b)(3) because the parties' forum selection clause states that any dispute relating to Fine's employment must be brought in Virginia. The court held that California does not have specific jurisdiction over the individual defendants.

2

In *Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013)—which was decided after the district court issued its decision in this case—the Supreme Court clarified that Section 1406(a) and Rule 12(b)(3) allow for dismissal only when venue is "wrong" or "improper." *Id*. at 577. Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and the existence of a forum selection clause does not render venue in a court "wrong" or "improper" under these rules. *Id*. at 578–79. The Court further held that a forum selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a). *Id*. at 579. Accordingly, under *Atlantic Marine*, the district court should have assessed the effect of the forum selection clause only under Section 1404(a). We therefore reverse the portion of the district court's order dismissing the action as to Cambridge, and we remand with instructions that the district court consider Fine's motion to transfer under Section 1404(a).[1]

_____

[1] We note that Fine originally filed a motion to dismiss for lack of personal jurisdiction or for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative to transfer to the Eastern District of Virginia. While Fine did not specify the statute under which he sought to transfer this case, his failure to do so does not preclude the district court from considering his motion to transfer under 28 U.S.C. § 1404. *Atlantic Marine* calls for such a consideration. *Id.* at 578.

It was not necessary for the district court to assess whether it has personal jurisdiction over the individual defendants, and we decline to reach this issue. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) ("[A] court need not resolve whether it has . . . personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."). On remand, the district court need only address personal jurisdiction if it declines to transfer this action under Section 1404(a).[2] We therefore vacate the portion of the district court's order dismissing the individual defendants for lack of jurisdiction.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**

---

[2] If the district court decides to transfer venue, the transferee district court will determine the question of personal jurisdiction, should it be raised.

4