(Slip Opinion)　　　OCTOBER TERM, 2006　　　1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## SINOCHEM INTERNATIONAL CO. LTD. *v.* MALAYSIA INTERNATIONAL SHIPPING CORP.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 06–102.　Argued January 9, 2007 —Decided March 5, 2007

A contract between petitioner (Sinochem), a Chinese state-owned importer, and a domestic corporation not a party here (Triorient) provided that Sinochem would purchase steel coils and that Triorient would be paid under a letter of credit by producing a valid bill of lading certifying that the coils had been loaded for shipment to China on or before April 30, 2003.  Triorient subchartered a vessel owned by respondent (Malaysia International), a Malaysian company, to transport the coils, and hired a stevedoring company to load the coils in Philadelphia.  A bill of lading, dated April 30, 2003, triggered payment under the letter of credit.  Sinochem petitioned a Chinese admiralty court for preservation of a maritime claim against Malaysia International and arrest of the vessel, alleging that the Malaysian company had falsely backdated the bill of lading.  The Chinese court ordered the ship arrested, and Sinochem timely filed a complaint in that tribunal.  The Chinese admiralty court rejected Malaysia International's jurisdictional objections to Sinochem's complaint and that ruling was affirmed on appeal.

　　Shortly after the Chinese admiralty court ordered the vessel's arrest, Malaysia International filed this action in a United States District Court, asserting that Sinochem's preservation petition to the Chinese court contained misrepresentations, and seeking compensation for losses sustained due to the ship's arrest.  Sinochem moved to dismiss on several grounds, including lack of subject-matter and personal jurisdiction and the doctrine of *forum non conveniens,* under which a federal district court may dismiss an action if a court abroad is the more appropriate and convenient forum for adjudicating the controversy.  The District Court determined it had subject-matter ju-

Syllabus

risdiction over the cause, concluded it lacked personal jurisdiction over Sinochem under Pennsylvania law, conjectured that limited discovery might reveal that it had personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2), but dismissed on *forum non conveniens* grounds, finding that the case could be adjudicated adequately and more conveniently in the Chinese courts. Agreeing that there was subject-matter jurisdiction and that personal jurisdiction could not be resolved *sans* discovery, the Third Circuit panel held that the District Court could not dismiss the case under the *forum non conveniens* doctrine unless and until it determined definitively that it had both subject-matter and personal jurisdiction.

*Held:* A district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is the more suitable arbiter of the merits of the case. Pp. 5–12.

(a) A federal court has discretion to dismiss on *forum non conveniens* grounds "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co.* v. *Miller*, 510 U. S. 443, 447–448. Such a dismissal reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 723. A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is then "less reasonable." *Piper Aircraft Co.* v. *Reyno*, 454 U. S. 235, 255–256. Pp. 5–6.

(b) Although a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject-matter jurisdiction) and the parties (personal jurisdiction), see *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 93–102, there is no mandatory sequencing of nonmerits issues, see *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U. S. 574, 584. A court has leeway "to choose among threshold grounds for denying audience to a case on the merits," *Id.,* at 585. Pp. 7–8.

(c) *Forum non conveniens* is a nonmerits ground for dismissal. See

*American Dredging*, 510 U. S., at 454; *Chick Kam Choo* v. *Exxon Corp.*, 486 U. S. 140, 148. A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant. *Forum non conveniens*, like other threshold issues, may involve a brush with "factual and legal issues of the underlying dispute." *Van Cauwenberghe* v. *Biard*, 486 U. S. 517, 529. But the critical point, rendering a *forum non conveniens* determination a nonmerits issue that can be determined before taking up jurisdictional inquiries is this: Resolving a *forum non conveniens* motion does not entail any assumption by the court of substantive law-declaring power. Statements in *Gulf Oil Corp.* v. *Gilbert*, 330 U. S. 501, that "*forum non conveniens* can never apply if there is absence of jurisdiction," *id.*, at 504, and that "[i]n all cases in which . . . *forum non conveniens* comes into play, it presupposes at least two forums in which the defendant is amenable to process," *id.*, at 506–507, account in large part for the Third Circuit's conclusion. Those statements draw their meaning from the context in which they were embedded. *Gulf Oil* answered in the affirmative the question whether a court that had jurisdiction over the cause and the parties and was a proper venue could nevertheless dismiss the action under the *forum non conveniens* doctrine. *Gulf Oil* did not address the issue decided here: whether a federal court can presume, rather than dispositively decide, its jurisdiction before dismissing under the doctrine of *forum non conveniens*. The quoted statements, confined to the setting in which they were made, are no hindrance to the decision reached today. The Third Circuit's further concern—that a court failing first to establish its jurisdiction could not condition a *forum non conveniens* dismissal on the defendant's waiver of any statute of limitations defense or objection to the foreign forum's jurisdiction, and thus could not shield the plaintiff against a foreign tribunal's refusal to entertain the suit—is not implicated on these facts. Malaysia International faces no genuine risk that the more convenient forum will not take up the case. This Court therefore need not decide whether a court conditioning a *forum non conveniens* dismissal on the waiver of jurisdictional or limitations defenses in the foreign forum must first determine its own authority to adjudicate the case. Pp. 8–11.

(d) This is a textbook case for immediate *forum non conveniens* dismissal. The District Court's subject-matter jurisdiction presented an issue of first impression in the Third Circuit, and was considered at some length by the courts below. Discovery concerning personal jurisdiction would have burdened Sinochem with expense and delay to scant purpose: The District Court inevitably would dismiss the case

Syllabus

without reaching the merits, given its well-considered *forum non
conveniens* appraisal. Judicial economy is disserved by continuing
litigation in the District Court given the proceedings long launched in
China. And the gravamen of Malaysia International's complaint—
misrepresentations to the Chinese admiralty court in securing the
vessel's arrest in China—is an issue best left for determination by the
Chinese courts. If, as in the mine run of cases, a court can readily de-
termine that it lacks jurisdiction over the cause or the defendant, the
proper course would be to dismiss on that ground. But where sub-
ject-matter or personal jurisdiction is difficult to determine, and *fo-
rum non conveniens* considerations weigh heavily in favor of dis-
missal, the court properly takes the less burdensome course. Pp. 11–
12.

436 F. 3d 349, reversed and remanded.

GINSBURG, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 06–102

SINOCHEM INTERNATIONAL CO. LTD., PETITIONER *v.* MALAYSIA INTERNATIONAL SHIPPING CORPORATION

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

[March 5, 2007]

JUSTICE GINSBURG delivered the opinion of the Court.

This case concerns the doctrine of *forum non conveniens*, under which a federal district court may dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy. We granted review to decide a question that has divided the Courts of Appeals: "Whether a district court must first conclusively establish [its own] jurisdiction before dismissing a suit on the ground of *forum non conveniens*?" Pet. for Cert. i. We hold that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.

I

The underlying controversy concerns alleged misrepresentations by a Chinese corporation to a Chinese admi-

ralty court resulting in the arrest of a Malaysian vessel in
China. In 2003, petitioner Sinochem International Company Ltd. (Sinochem), a Chinese state-owned importer,
contracted with Triorient Trading, Inc. (Triorient), a domestic corporation that is not a party to this suit, to purchase steel coils. Pursuant to the agreement, Triorient
would receive payment under a letter of credit by producing a valid bill of lading certifying that the coils had been
loaded for shipment to China on or before April 30, 2003.
Memorandum and Order of Feb. 27, 2004, No. Civ. A. 03–
3771 (ED Pa.), App. to Pet. for Cert. 48a–49a (hereinafter
Feb. 27 Memo & Order).

Triorient subchartered a vessel owned by respondent
Malaysia International Shipping Corporation (Malaysia
International), a Malaysian company, to transport the
coils to China. Triorient then hired a stevedoring company to load the steel coils at the Port of Philadelphia. A
bill of lading, dated April 30, 2003, triggered payment
under the letter of credit. *Id.*, at 49a.

On June 8, 2003, Sinochem petitioned the Guangzhou
Admiralty Court in China for interim relief, *i.e.*, preservation of a maritime claim against Malaysia International
and arrest of the vessel that carried the steel coils to
China. In support of its petition, Sinochem alleged that
the Malaysian company had falsely backdated the bill of
lading. The Chinese tribunal ordered the ship arrested
the same day. *Id.*, at 50a; App. in No. 04–1816 (CA3), pp.
56a–57a (Civil Ruling of the Guangzhou Admiralty Court).

Thereafter, on July 2, 2003, Sinochem timely filed a
complaint against Malaysia International and others in
the Guangzhou Admiralty Court. Sinochem's complaint
repeated the allegation that the bill of lading had been
falsified resulting in unwarranted payment. Malaysia
International contested the jurisdiction of the Chinese
tribunal. Feb. 27 Memo & Order, at 50a; App. in No. 04–
1816 (CA3), pp. 52a–53a (Civil Complaint in Guangzhou

Admiralty Court). The admiralty court rejected Malaysia International's jurisdictional objection, and that ruling was affirmed on appeal by the Guangdong Higher People's Court. App. 16–23.

On June 23, 2003, shortly after the Chinese court ordered the vessel's arrest, Malaysia International filed the instant action against Sinochem in the United States District Court for the Eastern District of Pennsylvania. Malaysia International asserted in its federal court pleading that Sinochem's preservation petition to the Guangzhou court negligently misrepresented the "vessel's fitness and suitability to load its cargo." Feb. 27 Memo & Order, at 50a (internal quotation marks omitted). As relief, Malaysia International sought compensation for the loss it sustained due to the delay caused by the ship's arrest. Sinochem moved to dismiss the suit on several grounds, including lack of subject-matter jurisdiction, lack of personal jurisdiction, *forum non conveniens*, and international comity. App. in No. 04–1816 (CA3), pp. 14a–20a, 39a–40a.

The District Court first determined that it had subject-matter jurisdiction under 28 U. S. C. §1333(1) (admiralty or maritime jurisdiction). Feb. 27 Memo & Order, at 51a–54a. The court next concluded that it lacked personal jurisdiction over Sinochem under Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. §5301 *et seq.* (2002). Nevertheless, the court conjectured, limited discovery might reveal that Sinochem's national contacts sufficed to establish personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Feb. 27 Memo & Order, at 55a–63a. The court did not permit such discovery, however, because it determined that the case could be adjudicated adequately and more conveniently in the Chinese courts. *Id.*, at 63a–69a; Memorandum and Order of Apr. 13, 2004, No. Civ. A. 03–3771 (ED Pa.), App. to Pet. for Cert. 40a–47a (hereinafter Apr. 13 Memo & Order) (denial of Rule 59(e) motion).

No significant interests of the United States were in-
volved, the court observed, Feb. 27 Memo & Order, at 65a–
67a; Apr. 13 Memo & Order, at 44a–47a, and while the
cargo had been loaded in Philadelphia, the nub of the
controversy was entirely foreign: The dispute centered on
the arrest of a foreign ship in foreign waters pursuant to
the order of a foreign court. Feb. 27 Memo & Order, at
67a. Given the proceedings ongoing in China, and the
absence of cause "to second-guess the authority of Chinese
law or the competence of [Chinese] courts," the District
Court granted the motion to dismiss under the doctrine of
*forum non conveniens. Id.*, at 68a.

A panel of the Court of Appeals for the Third Circuit
agreed there was subject-matter jurisdiction under
§1333(1), and that the question of personal jurisdiction
could not be resolved *sans* discovery. Although the court
determined that *forum non conveniens* is a nonmerits
ground for dismissal, the majority nevertheless held that
the District Court could not dismiss the case under the
*forum non conveniens* doctrine unless and until it deter-
mined definitively that it had both subject-matter jurisdic-
tion over the cause and personal jurisdiction over the
defendant. 436 F. 3d 349 (CA3 2006).

Judge Stapleton dissented. Requiring a district court to
conduct discovery on a jurisdictional question when it
"rightly regards [the forum] as inappropriate," he main-
tained, "subverts a primary purpose of" the *forum non
conveniens* doctrine: "protect[ing] a defendant from . . .
substantial and unnecessary effort and expense." *Id.,* at
368. The "court makes no assumption of law declaring
power," Judge Stapleton observed, "when it decides not to
exercise whatever jurisdiction it may have." *Id.,* at 370
(quoting *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U. S. 574,
584 (1999), in turn quoting *In re Papandreou*, 139 F. 3d
247, 255 (CADC 1998)).

We granted certiorari, 548 U. S. ___ (2006), to resolve a

conflict among the Circuits on whether *forum non conveniens* can be decided prior to matters of jurisdiction. Compare 436 F. 3d, at 361–364 (case below); *Dominguez-Cota* v. *Cooper Tire & Rubber Co.*, 396 F. 3d 650, 652–654 (CA5 2005) *(per curiam)* (jurisdictional issues must be resolved in advance of a *forum non conveniens* ruling), with *Intec USA, LLC* v. *Engle*, 467 F. 3d 1038, 1041 (CA7 2006); *In re Arbitration Between Monegasque de Reassurances S. A. M. (Monde Re)* v. *NAK Naftogaz of Ukraine*, 311 F. 3d 488, 497–498 (CA2 2002); *In re Papandreou*, 139 F. 3d, at 255–256 (*forum non conveniens* may be resolved ahead of jurisdictional issues). Satisfied that *forum non conveniens* may justify dismissal of an action though jurisdictional issues remain unresolved, we reverse the Third Circuit's judgment.

## II

A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *American Dredging Co.* v. *Miller*, 510 U. S. 443, 447–448 (1994) (quoting *Piper Aircraft Co.* v. *Reyno*, 454 U. S. 235, 241 (1981), in turn quoting *Koster* v. *(American) Lumbermens Mut. Casualty Co.*, 330 U. S. 518, 524 (1947)). Dismissal for *forum non conveniens* reflects a court's assessment of a "range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Quackenbush* v. *Allstate Ins. Co.*, 517 U. S. 706, 723 (1996) (citations omitted). We have characterized *forum non conveniens* as, essentially, "a supervening venue provision, permitting

displacement of the ordinary rules of venue when, in light
of certain conditions, the trial court thinks that jurisdic-
tion ought to be declined." *American Dredging*, 510 U. S.,
at 453; cf. *In re Papandreou*, 139 F. 3d, at 255 (*forum non
conveniens* "involves a deliberate abstention from the
exercise of jurisdiction").

The common-law doctrine of *forum non conveniens* "has
continuing application [in federal courts] only in cases
where the alternative forum is abroad," *American Dredg-
ing*, 510 U. S., at 449, n. 2, and perhaps in rare instances
where a state or territorial court serves litigational con-
venience best. See 14D C. Wright, A. Miller, & E. Cooper,
Federal Practice and Procedure §3828, pp. 620–623, and
nn. 9–10 (3d ed. 2007). For the federal-court system,
Congress has codified the doctrine and has provided for
transfer, rather than dismissal, when a sister federal court
is the more convenient place for trial of the action. See 28
U. S. C. §1404(a) ("For the convenience of parties and
witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division
where it might have been brought."); cf. §1406(a) ("The
district court of a district in which is filed a case laying
venue in the wrong division or district shall dismiss, or if
it be in the interest of justice, transfer such case to any
district or division in which it could have been brought.");
*Goldlawr, Inc.* v. *Heiman*, 369 U. S. 463, 466 (1962) (Sec-
tion 1406(a) "authorize[s] the transfer of [a] cas[e] . . .
whether the court in which it was filed had personal juris-
diction over the defendants or not.").

A defendant invoking *forum non conveniens* ordinarily
bears a heavy burden in opposing the plaintiff's chosen
forum. When the plaintiff's choice is not its home forum,
however, the presumption in the plaintiff's favor "applies
with less force," for the assumption that the chosen forum
is appropriate is in such cases "less reasonable." *Piper
Aircraft Co.*, 454 U. S., at 255–256.

## III

*Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83 (1998), clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). See *id.*, at 93–102. "Without jurisdiction the court cannot proceed at all in any cause"; it may not assume jurisdiction for the purpose of deciding the merits of the case. *Id.*, at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)).

While *Steel Co.* confirmed that jurisdictional questions ordinarily must precede merits determinations in dispositional order, *Ruhrgas* held that there is no mandatory "sequencing of jurisdictional issues." 526 U. S., at 584. In appropriate circumstances, *Ruhrgas* decided, a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction. See *id.*, at 578.

Both *Steel Co.* and *Ruhrgas* recognized that a federal court has leeway "to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas*, 526 U. S., at 585; *Steel Co.*, 523 U. S., at 100–101, n. 3. Dismissal short of reaching the merits means that the court will not "proceed at all" to an adjudication of the cause. Thus, a district court declining to adjudicate state-law claims on discretionary grounds need not first determine whether those claims fall within its pendent jurisdiction. See *Moor* v. *County of Alameda*, 411 U. S. 693, 715–716 (1973). Nor must a federal court decide whether the parties present an Article III case or controversy before abstaining under *Younger* v. *Harris*, 401 U. S. 37 (1971). See *Ellis* v. *Dyson*, 421 U. S. 426, 433–434 (1975). A dismissal under *Totten* v. *United States*, 92 U. S. 105 (1876) (prohibiting suits against the Government based on covert espionage agreements), we recently observed, also "represents the sort of 'threshold question' [that] . . . may be resolved

before addressing jurisdiction." *Tenet* v. *Doe*, 544 U. S. 1, 7, n. 4 (2005). The principle underlying these decisions was well stated by the Seventh Circuit: "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Intec USA*, 467 F. 3d, at 1041.

### IV

A *forum non conveniens* dismissal "den[ies] audience to a case on the merits," *Ruhrgas*, 526 U. S., at 585; it is a determination that the merits should be adjudicated elsewhere. See *American Dredging*, 510 U. S., at 454; *Chick Kam Choo* v. *Exxon Corp.*, 486 U. S. 140, 148 (1988). The Third Circuit recognized that *forum non conveniens* "is a non-merits ground for dismissal." 436 F. 3d, at 359. Accord *In re Papandreou*, 139 F. 3d, at 255; *Monde Re*, 311 F. 3d, at 497–498. A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.

As the Third Circuit observed, *Van Cauwenberghe* v. *Biard*, 486 U. S. 517, 527–530 (1988), does not call for a different conclusion. See 436 F. 3d, at 359–360. *Biard* presented the question whether a district court's *denial* of a motion to dismiss on the ground of *forum non conveniens* qualifies for immediate appeal under the collateral order doctrine of *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949). *Biard*, 486 U. S., at 527. The Court held that a refusal to dismiss for *forum non conveniens*, an interlocutory order, does not fall within the circumscribed collateral order exception to the firm final judgment rule generally governing federal court proceedings. In that context, the Court observed that some factors relevant to *forum non conveniens*, notably what evidence will bear on the plaintiff's claim or on defenses to the claim, "will substantially overlap factual and legal issues of the under-

lying dispute." *Id.*, at 529.

That observation makes eminent sense when the question is whether an issue is so discrete from the merits as to justify departure from the rule that a party may not appeal until the district court has rendered a final judgment disassociating itself from the case. See *Coopers & Lybrand* v. *Livesay*, 437 U. S. 463, 468 (1978) ("To come within the 'small class' of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."). *Biard*'s point, however, does not carry over to the question here at issue.

Of course a court may need to identify the claims presented and the evidence relevant to adjudicating those issues to intelligently rule on a *forum non conveniens* motion. But other threshold issues may similarly involve a brush with "factual and legal issues of the underlying dispute." *Biard*, 486 U. S., at 529. For example, in ruling on the nonmerits threshold question of personal jurisdiction, a court may be called upon to determine whether a defendant's contacts with the forum relate to the claim advanced by the plaintiff. See, *e.g.*, *Ruhrgas*, 526 U. S., at 581, n. 4 (noting that the District Court's holding that it lacked personal jurisdiction rested on its conclusion "that Marathon had not shown that Ruhrgas pursued the alleged pattern of fraud and misrepresentation during the Houston meetings"). The critical point here, rendering a *forum non conveniens* determination a threshold, nonmerits issue in the relevant context, is simply this: Resolving a *forum non conveniens* motion does not entail any assumption by the court of substantive "law-declaring power." See *id.*, at 584–585 (quoting *In re Papandreou*, 139 F. 3d, at 255).

Statements in this Court's opinion in *Gulf Oil Corp.* v.

*Gilbert*, 330 U. S. 501 (1947), account in large part for the
Third Circuit's conclusion that *forum non conveniens* can
come into play only after a domestic court determines that
it has jurisdiction over the cause and the parties and is a
proper venue for the action.  See 436 F. 3d, at 361–362.
The Court said in *Gulf Oil* that "the doctrine of *forum non
conveniens* can never apply if there is absence of jurisdic-
tion," 330 U. S., at 504, and that "[i]n all cases in which
. . . *forum non conveniens* comes into play, it presupposes
at least two forums in which the defendant is amenable to
process," *id.*, at 506–507.

   Those statements from *Gulf Oil*, perhaps less than
"felicitously" crafted, see Tr. of Oral Arg. 14, draw their
meaning from the context in which they were embedded.
The question presented in *Gulf Oil* was whether a court
fully competent to adjudicate the case, *i.e.*, one that
plainly had jurisdiction over the cause and the parties and
was a proper venue, could nevertheless dismiss the action
under the *forum non conveniens* doctrine.  The Court
answered that question "yes."

   As to the first statement—that "*forum non conveniens*
can never apply if there is absence of jurisdiction"—it is of
course true that once a court determines that jurisdiction
is lacking, it can proceed no further and must dismiss the
case on that account.  In that scenario "*forum non conven-
iens* can never apply."

   The second statement—that *forum non conveniens*
"presupposes at least two forums" with authority to adju-
dicate the case—was made in response to the *Gulf Oil*
plaintiff's argument to this effect: Because the federal
forum chosen by the plaintiff possessed jurisdiction and
venue was proper, the court was obliged to adjudicate the
case.  See 330 U. S., at 504 (explaining that a court's
statutory empowerment to entertain a suit "does not settle
the question whether it must do so").  Notably, in speaking
of what the *forum non conveniens* doctrine "presupposes,"

the Court said nothing that would negate a court's authority to presume, rather than dispositively decide, the propriety of the forum in which the plaintiff filed suit.

In sum, *Gulf Oil* did not present the question we here address: whether a federal court can dismiss under the *forum non conveniens* doctrine before definitively ascertaining its own jurisdiction. Confining the statements we have quoted to the setting in which they were made, we find in *Gulf Oil* no hindrance to the decision we reach today.

The Third Circuit expressed the further concern that a court failing first to establish its jurisdiction could not condition a *forum non conveniens* dismissal on the defendant's waiver of any statute of limitations defense or objection to the foreign forum's jurisdiction. Unable so to condition a dismissal, the Court of Appeals feared, a court could not shield the plaintiff against a foreign tribunal's refusal to entertain the suit. 436 F. 3d, at 363, and n. 21. Accord *In re Papandreou*, 139 F. 3d, at 256, n. 6. Here, however, Malaysia International faces no genuine risk that the more convenient forum will not take up the case. Proceedings to resolve the parties' dispute are underway in China, with Sinochem as the plaintiff. Jurisdiction of the Guangzhou Admiralty Court has been raised, determined, and affirmed on appeal. We therefore need not decide whether a court conditioning a *forum non conveniens* dismissal on the waiver of jurisdictional or limitations defenses in the foreign forum must first determine its own authority to adjudicate the case.

## V

This is a textbook case for immediate *forum non conveniens* dismissal. The District Court's subject-matter jurisdiction presented an issue of first impression in the Third Circuit, see 436 F. 3d, at 355, and was considered at some length by the courts below. Discovery concerning personal

jurisdiction would have burdened Sinochem with expense and delay. And all to scant purpose: The District Court inevitably would dismiss the case without reaching the merits, given its well-considered *forum non conveniens* appraisal. Judicial economy is disserved by continuing litigation in the Eastern District of Pennsylvania given the proceedings long launched in China. And the gravamen of Malaysia International's complaint—misrepresentations to the Guangzhou Admiralty Court in the course of securing arrest of the vessel in China—is an issue best left for determination by the Chinese courts.

If, however, a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground. In the mine run of cases, jurisdiction "will involve no arduous inquiry" and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum "should impel the federal court to dispose of [those] issue[s] first." *Ruhrgas*, 526 U. S., at 587–588. But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.

*      *      *

For the reasons stated, the judgment of the Court of Appeals is reversed, and the case is remanded for proceedings consistent with this opinion.

*It is so ordered.*