15-1492-cv
*Bahgat v. Arab Republic of Egypt*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of January, two thousand sixteen.

Present:      ROBERT A. KATZMANN,
                       *Chief Judge*,
                 AMALYA L. KEARSE,
                       *Circuit Judge*,
                 GREGORY H. WOODS,
                       *District Judge*.[*]

_____

DR. AHMED BAHGAT, GLOBAL ONE
LIMITED, DINA A. BAHGAT, OMAR
BAHGAT, SHAHD A. BAHGAT,

     *Plaintiffs-Appellants*,

     - v -                                              No. 15-1492-cv

ARAB REPUBLIC OF EGYPT,
NATIONAL BANK OF EGYPT

     *Defendants-Appellees*.

_____

---

[*] The Honorable Gregory H. Woods, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Plaintiffs-Appellants:                    DAVID B. BERGMAN (R. Stanton Jones,
                                              William C. Perdue, *on the brief*), Arnold &
                                              Porter LLP, Washington, DC.


For Defendant-Appellee                        JONATHAN GIMBLETT (Allan B. Moore,
Arab Republic of Egypt:                       Robert A. Long, Jr., Kevin King, Ramy
                                              Ramadan, *on the brief*), Covington &
                                              Burling LLP, Washington, DC.


For Defendant-Appellee                        AMBER WESSELS-YEN (Karl Geercken,
National Bank of Egypt:                       Alexander S. Lorenzo, *on the brief*), Alston
                                              & Bird LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Dr. Ahmed Bahgat, his three children, and the family's holding company, Global One Limited, appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*) dismissing their complaint against Defendants-Appellees Arab Republic of Egypt and the National Bank of Egypt on the grounds that the defendants are immune from suit under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602–1611. In the alternative, the district court concluded that the suit should be dismissed under the doctrine of *forum non conveniens*. On appeal, the plaintiffs contend that the district court erred in finding that none of the exceptions to the Act applies, and in concluding that this case should be heard in an Egyptian forum.

We affirm on the basis of the district court's alternative holding that this case should be dismissed under the doctrine of *forum non conveniens*. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that a court can dismiss a case under *forum*

*non conveniens* before resolving any other jurisdictional issues). In order to determine whether to dismiss a case under *forum non conveniens*, district courts conduct a three-step analysis:

> At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum. At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citations omitted).

On appeal, we give "substantial deference" to a district court's decision to dismiss a case for *forum non conveniens*, and we will only reverse if the trial court has "clearly abused its discretion." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004). "Discretion is abused in the context of *forum non conveniens* when a decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Id.* (citation omitted). We do not find any clear abuse of discretion in the district court's determination that this suit should be heard by an Egyptian court.

First, we find no abuse of discretion in the district court's determination that the plaintiffs' preference is entitled to diminished deference. Three of the plaintiffs currently reside in Egypt, and the selection of a U.S. forum by such plaintiffs is entitled to less deference. *See id.* at 73. Moreover, the district court determined that the plaintiffs' selection of forum was motivated, at least in part, by forum shopping. *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). Second, we conclude that the district court did not abuse its discretion in concluding that Egypt is an adequate alternative forum. Although Egypt's ongoing political unrest is concerning, the district court was within its discretion to rely on the defendants' evidence that the unrest has not had an adverse effect upon the judiciary's adjudication of

3

commercial disputes. *Cf. Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 129 (2d Cir. 1987).

Finally, the district court properly weighed the relevant private and public interest factors. As the district court found, almost all of the parties, witnesses, and relevant documents are located in Egypt. All but one of the key events that form the basis of the complaint took place in Egypt, and any court considering this case will need to understand Egyptian law to evaluate at least some of the plaintiffs' claims.

We have considered all of the plaintiffs' remaining arguments and have found no basis for reversal. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK