**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED PLANNERS FINANCIAL
SERVICES OF AMERICA, L.P.,

     Plaintiff - Appellant,

v.

SAC AND FOX NATION, a federally
recognized Indian Tribe; SAC AND
FOX NATION HOUSING
AUTHORITY, an administrative
department of the Sac and Fox Nation;
SAC AND FOX NATION DISTRICT
COURT; HONORABLE DARRELL
R. MATLOCK, JR., in his official
capacity as Judge of the Sac and Fox
Nation District Court,

     Defendants - Appellees.

No. 15-6117
(D.C. No. 5:14-CV-01278-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

This appeal represents the latest chapter in a long litigation between Sac

and Fox Nation and United Planners over an investment allegedly gone awry.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Back in 2011, the Nation brought suit in tribal court alleging a breach of contract. But the tribal court found that the parties' contract contemplated arbitration and dismissed the case. Soon enough, though, the arbitrators also dismissed the case, this time on statute of limitations grounds. And in light of that move the Nation sought to try again in tribal court, arguing now that if arbitration isn't available litigation should be. No doubt frustrated by this latest twist, United Planners responded by asking a federal district court to intervene and enjoin the Nation's most recent tribal court lawsuit. The district court held, however, that United Planners had failed to exhaust its tribal court remedies and so could not invoke federal jurisdiction. It's this ruling United Planners asks us to undo in this appeal.

We don't see how we might. United Planners is certainly right that someone who isn't a tribal member presents a federal question if he alleges a tribal court has asserted jurisdiction over him unlawfully. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 852-53 (1985). But it's also true that before anyone may bring a claim like that to district court, he must first exhaust available tribal court remedies. *Id.* at 856-57. And, as the district court noted, that much United Planners has not done. United Planners points to the tribal court's order dismissing the Nation's 2011 claims and urges us to read it not only as requiring arbitration but as permanently closing the tribal court to the Nation's claims. But even if we read the order so broadly, it would only mean

United Planners now seeks, at most, a ruling that the Nation's current tribal court lawsuit is barred by its last tribal court lawsuit under the doctrines of claim or issue preclusion. And as United Planners candidly acknowledged during oral argument, nothing prevents the company from raising those defenses in tribal court. An available tribal court remedy thus remains unexhausted and should be tried before a federal court intercedes, just as the district court recognized. Of course, exhaustion doctrine bears some exceptions. So, for example, a party doesn't have to exhaust tribal court remedies when doing so would lead only to unnecessary delay or when the assertion of tribal jurisdiction is made in bad faith. *Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006). But we don't see how those exceptions might help United Planners here. *Someone* has to decide whether the trial court's disposition of the Nation's 2011 claims precludes its current suit, and United Planners offers no reason to think that the tribal court will do so any less expeditiously than a federal court might. Neither is it apparent at this preliminary stage whether the Nation's current invocation of tribal court jurisdiction is made in bad faith, for at least sometimes the unavailability of arbitration has permitted a dispute otherwise subject to arbitration to return to court. *See, e.g.*, *In re Salomon Inc. Shareholders' Derivative Litig. 91 Civ. 5500 (RRP)*, 68 F.3d 554, 560-61 (2d Cir. 1995). In saying this much, we do not mean to suggest that United Planners might not eventually succeed in showing bad faith, only to suggest it hasn't established it yet.

If it must return to tribal court, United Planners asks us to abate rather than dismiss its current federal lawsuit. This court has said that abatement may be an appropriate remedy when a party shows good cause for its failure to exhaust tribal remedies. *See Valenzuela v. Silversmith*, 699 F.3d 1199, 1208 n.4 (10th Cir. 2012). But United Planners hasn't supplied good cause for its failure so we can hardly say that the district court's remedial decision to dismiss rather than abate this case rises to the level of an abuse of discretion. *See, e.g.*, *BancInsure, Inc. v. FDIC*, 796 F.3d 1226, 1239 (10th Cir. 2015); *Thlopthlocco Tribal Town v. Stidham*, 762 F.3d 1226, 1241 (10th Cir. 2014). Given, too, that we affirm the district court's exhaustion analysis and dismissal, we have no need to consider the Nation's alternative grounds for reaching the same result. *See Sinochem Intern. Co. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 431 (2007) (courts may choose between alternative threshold grounds for affirming an action's dismissal).

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge