NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MEGHAN SILVA, on behalf of herself and others similarly situated,

Plaintiff-Appellant,

v.

MEDIC AMBULANCE SERVICE, INC.,

Defendant-Appellee.

No.    20-16153

D.C. No.
2:17-cv-00876-TLN-CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted April 16, 2021**
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BADE, Circuit Judges.
Concurrence by Judge RAWLINSON

    Meghan Silva sued her former employer, Medic Ambulance Service, Inc.

("Medic"), alleging that Medic violated California law by requiring her to remain

on call during rest periods.  Medic removed the suit to district court on the ground

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

that the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, completely preempts at least one of Silva's claims and therefore her action presents a federal question under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(a). Silva filed a motion to remand, arguing that her claims were not preempted by the LMRA and thus the district court lacked removal jurisdiction. The district court denied the motion, reasoning that Silva's claims are preempted because her claims "substantially depend on analysis of" provisions of a collective bargaining agreement ("CBA") that governed the terms of her employment with Medic. The district court later dismissed Silva's claims with prejudice.

Silva appeals the denial of her motion to remand. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. We review de novo the district court's determination that a plaintiff's action is preempted by the LMRA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1058 (9th Cir. 2007).

A state law claim is preempted under the LMRA if it is "founded directly on rights created by [a] collective-bargaining agreement[]" or is "substantially dependent on analysis of a collective-bargaining agreement." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (citation omitted). "The plaintiff's claim is the touchstone" for this analysis, and we only evaluate the "claim's legal character—whatever its merits—so as to ensure it is decided in the proper forum." *Dent v. Nat'l Football League*, 902 F.3d 1109, 1117 (9th Cir.

2018) (internal quotation marks and citations omitted).

Silva's claims are not preempted by the LMRA because they rise or fall on her allegation that Medic violated California Labor Code section 226.7 by requiring her to remain on call during rest periods. *See McCray*, 902 F.3d at 1010–13. Consequently, the claimed right to relief is based on California law, not the CBA. *See id.* at 1010–11. Moreover, Silva's claims are not substantially dependent on analysis of the CBA because "resolution of [her] state-law claim[s] does not require construing the collective-bargaining agreement." *See Dent*, 902 F.3d at 1117 (citation omitted). Although the CBA may be relevant to whether Medic required Silva to remain on call during rest periods, as Medic suggests, this "purely factual inquiry" does not depend on interpretation of the CBA's provisions. *See Burnside*, 491 F.3d at 1072–73. Indeed, Silva can establish that Medic required her to remain on call during rest periods without resort to the CBA's provisions. *See Dent*, 902 F.3d at 1117–18 (explaining that a claim only depends on analysis of a CBA if interpretation of the CBA is required for plaintiff to prevail). Therefore, the district court erred in concluding that Silva's claims are preempted by the LMRA.

Because Silva's claims are not preempted, the district court lacked removal jurisdiction. *See McCray*, 902 F.3d at 1009, 1014. Accordingly, we reverse the district court's denial of the motion to remand, and we remand with instructions to

remand this action to the Superior Court of California, County of Solano.[1]

We grant Medic's motion to take judicial notice.  Dkt. 22.

**REVERSED and REMANDED.**

---

[1] We need not reach Medic's assertion that a change in California law has rendered this case moot given our determination that the federal courts lack subject matter jurisdiction over Silva's claims.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (stating federal courts have "leeway 'to choose among threshold grounds for denying audience to a case on the merits'" (citation omitted)).

***Silva v. Medic Ambulance Service, Inc.*, Case No. 20-16153**
**Rawlinson, Circuit Judge, concurring in the judgment:**

The people of the State of California have enacted a statute making it clear

that Plaintiff Meghan Silva (Silva) has no viable statutory claim. Therefore, there

is no longer a case or controversy, and Silva lacks Article III standing to pursue

this appeal. *See Timbisha Shoshone Tribe v. United States Dep't of Interior*, 824

F.3d 807, 813-14 (9th Cir. 2016) (explaining that, under Article III, "we must

dismiss a case if there is no longer a . . . live case[ ] or controvers[y]" because "an

appellant can obtain [no] relief for [her] claim") (citation and internal quotation

marks omitted).

Silva, an ambulance technician, alleged in her complaint that her employer

Medic Ambulance Service, Inc. failed to provide off-duty rest breaks as required

by California Labor Code § 226.7 and Industrial Welfare Commission Wage Order

No. 4. However, the Emergency Ambulance Employee Safety and Preparedness

Act (the Act), California Labor Code § 887(a), precludes a viable claim against her

employer for remaining on call during rest breaks.

California Labor Code § 887(a) provides:

> Notwithstanding any provision of law to the contrary:
>
> (a) In order to maximize protection of public health and
> safety, emergency ambulance employees shall remain

1

> reachable by a portable communications device throughout the entirety of each work shift.

In short, the statute requires emergency ambulance employees to remain on call "throughout the entirety of each work shift." *Id.* This requirement is the practice Silva challenged. And California Labor Code § 889 made this requirement retroactive.

The California Court of Appeal has made it clear that a claim such as the one made by Silva is not viable. In *Calleros v. Rural Metro of San Diego, Inc.*, 58 Cal. App. 5th 660, 667 (2020), the court concluded that a similar appeal was moot. The court explained that "the Act now requires on-call rest periods and expressly made this mandate retroactive." *Id.* at 666 (citing California Labor Code § 889).

Absent an indication that the California Supreme Court would interpret this statute differently (and there is none), we are bound by the California Court of Appeal's interpretation. *See Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 752 (9th Cir. 2020), *as amended* (articulating that "[b]ecause the Court of Appeal's decision . . . represents the ruling of the highest state court issued to date, and we have not seen any persuasive data that the California Supreme Court would reach different conclusions, we are bound by that decision to the extent its interpretation of California law is relevant") (citation and

internal quotation marks omitted). Because this interpretation of the Act renders

Silva's claim moot, there is no longer a case or controversy pending before us. We

should dismiss this appeal and not address the merits of the remand decision.