**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAYHEM CRUDE, INC., a Marshall
Islands Corporation,

               Plaintiff-Appellant,

  v.

BORRELLI WALSH PTE. LTD., a
Singapore Company; COSIMO BORRELLI;
JASON KARDACHI; STANDARD
CHARTERED BANK,

               Defendants-Appellees.

No.   20-15904

D.C. No. 4:19-cv-04622-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted March 10, 2021
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Mayhem Crude, Inc., a corporation organized under Marshallese law,

appeals the district court's dismissal of its admiralty action. The district court

dismissed for lack of personal jurisdiction and, in the alternative, based on *forum*

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*non conveniens*. We have jurisdiction under 28 U.S.C. § 1291. In view of *Sinochem*, we address only the alternative holding. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (holding that we need not resolve personal jurisdiction because "in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case"). We affirm.

We may reverse the district court's *forum non conveniens* determination only when it clearly abuses its discretion. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 511 (9th Cir. 2000). "A district court may abuse its discretion by relying on an erroneous view of the law, by relying on a clearly erroneous assessment of the evidence, or by striking an unreasonable balance of relevant factors." *Id.* Mayhem Crude challenges the district court's balance of the relevant factors, arguing that Defendants-Appellees did not establish "such oppression and vexation over [them] as to be out of proportion to [Mayhem Crude's] convenience."

The district court did not abuse its discretion in dismissing based on *forum non conveniens*. It first determined that Singapore was an adequate alternative forum and then considered and balanced the relevant factors. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) ("A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal."). The district court found that "the relevant evidence and

2

witnesses are located abroad" and that "litigating in the United States what is essentially a foreign dispute involving entirely foreign parties, foreign acts and a related foreign proceeding [in Singapore] would impose unnecessary costs." *See id.* at 1119 ("Private interests of the litigants include ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; and likelihood of a fair trial."). The district court also found that California's interest in resolving the case was "*de minimis*," given that "the only connection California has to the case is redelivery of the Vessel." *See id.* ("Public interest factors include court congestion, local interest in resolving the controversy, and preference for having a forum apply a law with which it is familiar."); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."). The district court did not err in balancing the appropriate factors.

**AFFIRMED.**