# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2023

Lyle W. Cayce

Clerk

No. 22-30033

Dynamic Industries, Incorporated; Dynamic Industries
International, L.L.C.; Dynamic Industries Saudi Arabia,
Limited,

*Plaintiffs—Appellants*,

*versus*

Walaa Cooperative Insurance Company; Marsh &
McLennan Companies, Inc., *doing business as* Marsh, Inc.;
Marsh USA, Inc., *doing business as* Marsh USA Risk Services,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-748

Before Stewart, Willett, and Oldham, *Circuit Judges.*

Per Curiam:*

The insureds in this diversity suit (together, Dynamic) assert that
their insurance brokers (together, Marsh) failed to procure adequate
insurance coverage from the insurer (Walaa), *or in the alternative*, that Walaa

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

breached the insurance policy by declining coverage for an incident involving undersea cable-damage in the Arabian Gulf. The district court granted Marsh's motion to dismiss the suit as untimely under Louisiana law. The district court also granted Walaa's motion to dismiss the suit for forum non conveniens, reasoning that the insurance policy at issue designates Saudi Arabia as the exclusive forum.

Dynamic appeals both dismissals. We AFFIRM.

First, as for Marsh, Louisiana law requires insureds who wish to sue their insurance broker to do so "within one year from the date that the alleged act, omission, or neglect . . . *should have been* discovered." La. Rev. Stat. § 9:5606 (emphasis added). Here, Dynamic sued Marsh after Walaa denied coverage. But Dynamic received a copy of the insurance policy from Walaa almost 18 months earlier. When Dynamic received that copy, it also received constructive notice of any deficiencies that the policy contained. Dynamic's claims against Marsh are therefore untimely.

Dynamic rejects constructive notice, arguing that the policy contains "absolutely no indication that coverage would be denied." But the denial was Walaa's choice, not Marsh's. According to Dynamic, the policy either omits coverage that Marsh is liable for failing to procure *or* offers coverage that Walaa must honor. For purposes of asserting its in-the-alternative claims against Marsh, then, Dynamic asks us to assume that the policy omitted coverage. Yet if we must assume that omission, so must Dynamic. And any such omission was present when Dynamic received the policy. Dynamic also argues that it was "lulled into complacency" by Marsh's "assurances" regarding the policy's coverage. This argument against constructive notice fails because Dynamic does not allege any factual basis (beyond the policy's mere issuance) that would justify the trust that it claims to have placed in Marsh.

No. 22-30033

Second, as for Walaa, Dynamic argues that the policy's choice of Saudi Arabian law is unenforceable, under Louisiana law, if the policy was "delivered" in Louisiana. La. Rev. Stat. § 22:868. Dynamic says that it received delivery in Louisiana from Walaa's agent—a Marsh affiliate known as Marsh KSA. Walaa responds that Marsh KSA was actually Dynamic's agent, and that delivery therefore occurred in Saudi Arabia (where Walaa delivered the policy to Marsh KSA). We agree with Walaa.

"Under Louisiana law, an insurance broker is generally deemed to be the agent of the insured rather than the insurer." *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 204 (5th Cir. 1990) "A broker . . . who is asked by the client to procure coverage wherever possible at the best price[] *is not* the agent of the insurer[.]" *Id.* The general rule applies here. Marsh KSA "approached" multiple insurers looking for a "competitive price" for Dynamic. Marsh KSA was thus Dynamic's agent.

Dynamic argues that delivery is a factual question that the district court should have resolved for Dynamic. But our cases do not require the district court to blindly accept all of Dynamic's allegations concerning forum. *See, e.g.*, *Sierra Frac Sand, L.L.C. v. CDE Glob. Ltd.*, 960 F.3d 200, 204 (5th Cir. 2020) (at the dismissal stage, weighing "evidence" whether a forum-selection clause was binding). Rather, after conducting an independent "assessment of th[e] clause's enforceability," the district court properly concluded that delivery occurred in Saudi Arabia. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). We have considered Dynamic's remaining arguments and find them unavailing.

Separately, the district court concluded that it lacked personal jurisdiction over a Marsh affiliate known as Marsh & McLennan Companies, Inc. ("Marsh Inc.). Yet the district court's judgment dismissed Dynamic's claims against Marsh Inc. "with prejudice"—that is, on the merits. "[A]

3

federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over ... the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Because the district court lacked personal jurisdiction, it also lacked power to issue a merits judgment regarding Marsh Inc. Likewise, the district court dismissed Dynamic's claims against Walaa "with prejudice." That too was error, because "[a] forum non conveniens dismissal" is not a judgment on the merits; it is instead a "determination that the merits should be adjudicated elsewhere." *Id.* at 432.

We therefore REVERSE dismissal as to Walaa Cooperative Insurance Company and Marsh & McLennan Companies, Inc., and we REMAND with instructions for the district court to enter judgment dismissing Dynamic's claims against Walaa Cooperative Insurance Company and Marsh & McLennan Companies, Inc. "without prejudice."

In all other respects, we AFFIRM.