NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: JAMES NATHANIEL DOUSE,**
*Petitioner*

---

2023-124

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 21-6678, Judge Michael P. Allen.

--------------------------------------------------

**JAMES NATHANIEL DOUSE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2023-1567

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6678, Judge Michael P. Allen.

---

**ON PETITION AND MOTION**

―――――――――――――

Before Lourie, Prost, and Wallach, *Circuit Judges*.

Per Curiam.

## O R D E R

Before this court are James Nathaniel Douse's petition for mandamus, Appeal No. 2023-124, ECF No. 2, and motions for various relief in that case and in Appeal No. 2023-1567.

In 2021, Mr. Douse filed a petition at the United States Court of Appeals for Veterans Claims seeking a writ of mandamus directing, among other things, compensation for sciatic nerve paralysis, special monthly compensation, and adjudication of his disability claims that had been remanded to the regional office in an April 2018 Board of Veterans' Appeals decision. On October 24, 2022, the Veterans Court granted-in-part the petition, ordering the Secretary of Veterans Affairs to adjudicate the previously remanded claims and issue a rating decision within 60 days of its order. The Veterans Court entered judgment on November 15, 2022.

On January 7, 2023, Mr. Douse filed a motion at the Veterans Court seeking sanctions against the Secretary. On February 15, 2023, the Veterans Court denied Mr. Douse's motion. On February 17, 2023, Mr. Douse filed a timely notice of appeal at the Veterans Court from the February 15, 2023, sanctions decision. That appeal has been docketed at this court as Appeal No. 2023-1567. On March 7, 2023, Mr. Douse filed a mandamus petition at this court (docketed as Appeal No. 2023-124), challenging adjudication of the remanded claims and seeking compensation for sciatic nerve paralysis and special monthly compensation. *See* Pet. at 2.

Mandamus is an extraordinary remedy, available only where the petitioner shows: (1) a clear and indisputable

right to relief; (2) there are no adequate alternative legal channels through which he may obtain that relief; and (3) mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Douse has not met that standard.

Mr. Douse has not shown that the only adequate way for him to obtain his requested relief with regard to his disability benefits claims is through a petition for mandamus relief.[1] Mr. Douse did not timely appeal from the Veterans Court's October 24, 2022, decision, and generally "[m]andamus relief is not appropriate when a petitioner fails to seek relief through the normal appeal process," *In re Fermin*, 859 F. App'x 904, 905 (Fed. Cir. 2021); *see also Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). Moreover, to the extent the agency may decide against Mr. Douse on his claims, established procedures exist to challenge such decisions.

However, Mr. Douse can challenge the Veterans Court's denial of sanctions through his Appeal (No. 2023-1567). We note that Mr. Douse had moved to apply the filing fee paid for that appeal to his mandamus petition and to "close" his appeal.[2] In light of our decision today denying

---

[1] We need not determine whether we would have otherwise had jurisdiction to review Mr. Douse's arguments on the merits, *see* 38 U.S.C. § 7292(a), given that he has failed to meet the lack of adequate alternative avenues for relief (a "threshold, nonmerits issue"). *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 433 (2007).

[2] Mr. Douse has paid to the Veterans Court the filing fee for Appeal No. 2023-1567 and has paid to this court the filing fee for his mandamus petition. Mr. Douse indicates that he also submitted payment to the Veterans Court for the mandamus petition filing fee, Appeal No. 2023-124,

his petition, we deny that request. Mr. Douse's other motions appear to argue the merits of his pending appeal. The court's typical practice is to decide the merits of the appeal on the briefs submitted, and Mr. Douse has not demonstrated that the court should depart from that practice here. The motions therefore are denied, and Mr. Douse should raise his arguments in his forthcoming briefing in Appeal No. 2023-1567.

Lastly, the court notes that Mr. Douse's Notice of Unrepresented Person Appearance (Federal Circuit Form 8B) is non-compliant because it does not match the information on Mr. Douse's PACER account—the apartment numbers are different. Mr. Douse is directed to file a corrected Notice of Unrepresented Person Appearance in Appeal No. 2023-1567 and to use the court's current version of that form (enclosed).

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) All motions in both cases are denied without prejudice to raising arguments on the merits in the briefing in Appeal No. 2023-1567.

(3) In Appeal No. 2023-1567, Mr. Douse is directed to file a corrected Federal Circuit Form 8B (attached), remedying the above-identified deficiencies, within 30 days of the date of filing of this order.

---

ECF Nos. 11 and 13, and to the extent he seeks a refund of that duplicative payment, any such request should be made to the Veterans Court.

(4)  Mr. Douse's opening brief in Appeal No. 2023-1567 is due no later than 60 days from the date of filing of this order.

FOR THE COURT

April 17, 2023                          /s/ Peter R. Marksteiner
      Date                              Peter R. Marksteiner
                                        Clerk of Court


Encl:  Federal Circuit Form 8B