FILED
United States Court of Appeals
Tenth Circuit

March 24, 2026

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

LYNDA GARDNER; KANDRA
AMBOH,

     Plaintiffs - Appellants,

v.

UTE TRIBAL COURT OF THE UINTAH
AND OURAY RESERVATION;
JEFFREY KURTZ; JEFF S.
RASMUSSEN,

     Defendants - Appellees.

No. 25-4077
(D.C. No. 2:25-CV-00106-DBB)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Kandra Amboh faced criminal charges in the Ute Indian Tribal Court of the
Uintah and Ouray Reservation in Utah (UITC). She and Lynda Gardner, who
previously was an authorized lay advocate before the UITC, filed a complaint in
federal district court under 25 U.S.C. § 1303, which provides that "[t]he privilege of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." Plaintiffs later tried to remove the criminal proceeding against Ms. Amboh from the UITC to the district court and filed numerous other motions in the district court.

The magistrate judge concluded that Plaintiffs had not properly removed the criminal case, the record contradicted Plaintiffs' claims the UITC was violating Ms. Amboh's rights, and Plaintiffs' motions were meritless. He therefore recommended that the district court deny the motions, dismiss the case, and remand to the UITC. The district court adopted the report and recommendation and entered a judgment dismissing the complaint and closing the case.

Defendants argue we lack jurisdiction over this appeal because (1) 28 U.S.C. § 1447(d) bars review of "[a]n order remanding a case to the State court from which it was removed," and (2) Ms. Amboh went to trial before the UITC and was found not guilty on all charges, mooting this matter. Because we agree with the latter point, we need not consider the first. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (explaining that "there is no mandatory sequencing of jurisdictional issues" (internal quotation marks omitted)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks omitted). "[T]he crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible

for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Id.* (internal quotation marks omitted). Mootness "can be raised at any stage of the proceedings." *Id.*

Plaintiffs' complaint alleged Ms. Amboh was suffering violations of her rights in the then-pending prosecution before the UITC. But Ms. Amboh was found not guilty of the tribal charges shortly before the district court entered its judgment in this case. At that point, the tribal prosecution no longer was pending, and there was no criminal judgment against Ms. Amboh. She cannot be retried on the charges. *See* 25 U.S.C. § 1302(a)(3) (precluding a tribe from "subject[ing] any person for the same offense to be twice put in jeopardy"). In these circumstances, the federal courts can grant no effective relief. This matter is moot.

We remand to the district court with instructions to vacate its judgment and dismiss this suit without prejudice. *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016). We deny Defendants' request to impose filing restrictions on Ms. Gardner, but we caution her that any future frivolous filings may subject her to sanctions, including filing restrictions.

Entered for the Court


Bobby R. Baldock
Circuit Judge

3