FILED

NOT FOR PUBLICATION

FEB 13 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; et al.,<br><br>        Plaintiffs-Appellants,<br><br>v.<br><br>U.S. SHEEP EXPERIMENT STATION and AGRICULTURAL RESEARCH SERVICE,<br><br>        Defendants-Appellees. | No.   18-35520<br><br>D.C. No. 9:17-cv-00155-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted February 8, 2019[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,[***] District Judge.

Cottonwood Environmental Law Center (Cottonwood) appeals the district court's order dismissing its motion for a preliminary injunction for lack of jurisdiction.

The inaction of the Agricultural Research Service (ARS) in response to Cottonwood's demand that it prepare a supplemental Environmental Impact Statement (EIS) did not constitute "agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1), because the ARS had no discrete statutory duty to prepare a supplemental EIS in the period before it issued a final Record of Decision, *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). Because the ARS's actions were not subject to judicial review under the APA, the district court lacked jurisdiction to hear Cottonwood's claims. *Nippon Miniature Bearing Corp. v. Weise*, 230 F.3d 1131, 1139 (9th Cir. 2000). Further, Cottonwood's claims were not ripe for judicial review because "judicial intervention would inappropriately interfere with further administrative action" in this case and because "the courts would benefit from further factual development of the issues." *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733 (1998).

---

[***] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

2

Because "there is no mandatory sequencing of jurisdictional issues" and this court can dispose of threshold issues in any order before reaching the merits, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks omitted), we do not reach the parties' arguments regarding mootness and redressability.

**AFFIRMED.**