FILED
United States Court of Appeals
Tenth Circuit

May 20, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ALAN HEADMAN,

Plaintiff - Appellant,

v.

STATE OF UTAH; UTAH
JUDICIAL COUNCIL; UTAH
ADMINISTRATIVE OFFICE OF
THE COURTS,

Defendants - Appellees.

No. 18-4144
(D.C. No. 2:18-CV-00051-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

This appeal grew out of a divorce case in state court. The two spouses clashed over the amount that the husband (Mr. Alan Headman) should pay in alimony. The ruling in state court left Mr. Headman dissatisfied, and he sued in federal court to reassess the alimony. The

---

[*] Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

district court dismissed the federal case on three jurisdictional grounds: (1) Eleventh Amendment immunity, (2) lack of standing with respect to two of the defendants (the Utah Judicial Council and the Utah Administrative Office of the Courts), and (3) abstention under *Younger v. Harris*, 401 U.S. 37 (1971). We affirm based on Eleventh Amendment immunity.[1]

In considering Eleventh Amendment immunity, we engage in de novo review. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). The Eleventh Amendment ordinarily prevents federal litigation against states and arms of the state. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (states); *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (arms of the state).

There are three defendants: (1) the State of Utah, (2) the Utah Judicial Council, and (3) the Utah Administrative Office of the Courts. All three defendants enjoy Eleventh Amendment immunity as the state or an arm of the state. *See Abick v. Michigan*, 803 F.2d 874, 876 (6th Cir. 1986) ("The law is clear that . . . the State Judicial Council, under the Eleventh Amendment, [is] immune from an action for damages or injunctive relief in federal court.").

---

[1]    We need not decide whether the dismissal could have been based on standing or abstention. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

But Mr. Headman argues that the Eleventh Amendment would not bar a claim for prospective relief. He is mistaken. The Eleventh Amendment bars federal suits against states and state agencies for any kind of relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). The Eleventh Amendment does not prohibit official-capacity suits against state officers for prospective relief based on an ongoing violation of federal law. *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). But Mr. Headman has not sued any state officers. Thus, the Eleventh Amendment bars all of Mr. Headman's claims, including those for prospective relief.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge