NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020[*]
Decided May 21, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2364

| | |
|---|---|
| CRAIG STINGLEY, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-C-2014 |
| JOHN T. CHISHOLM, PATRICIA HANSON, and BRAD SCHIMEL, <br>     *Defendants-Appellees.* | Lynn Adelman, <br> *Judge.* |

**O R D E R**

Craig Stingley sued Wisconsin prosecutors under 42 U.S.C. § 1983 alleging that they unlawfully failed to investigate and charge those responsible for his son's murder. The district court correctly dismissed the complaint because the prosecutors are absolutely immune for these alleged acts, so we affirm.

In his pro se complaint, Stingley alleges that three prosecutors did not investigate and charge his son's murderers. He asserts that John Chisholm, the district attorney of Milwaukee County, avoided charging the offenders because of a racial bias. Stingley's

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

son was African American and most of the perpetrators are white, and Chisholm feared that he could not secure a conviction given the county's "Racially Segregated Cultural History." Also, according to Stingley, Chisholm tried to "cover up" his rationale by falsely documenting that Stingley's son died from "positional asphyxiation" and not, as the medical examiner found, by "homicide, from a violent struggle with multiple individuals." Further, Patricia Hanson, another district attorney assigned to the case, and Brad Schimel, the former attorney general of Wisconsin, both allegedly refused to investigate the case, making them complicit in the "cover up." Stingley seeks injunctive and monetary relief.

The case was short-lived. The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that they were absolutely immune from suit for the acts that Stingley had alleged. Stingley responded that absolute immunity reaches only acts in court. The district court granted the motion. It ruled that absolute immunity shields the prosecutors' decisions not to charge or investigate suspects, as well as decisions about what documents to create in making those decisions.

On appeal, Stingley argues that prosecutors lack absolute immunity for refusing to convene a grand jury to file homicide charges, to investigate and review evidence of murder, and to document that evidence accurately.

The district court correctly dismissed this suit. We note that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). But we need not rely on this obstacle to this damages suit because there is no priority among reasons not to reach the merits of a lawsuit. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

The prosecutors are absolutely immune from this damages suit. Absolute immunity covers any suit for damages under section 1983 based on conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Using the "functional approach" to determine the immunity's reach, *Burns v. Reed*, 500 U.S. 478, 486 (1991), absolute immunity applies to both the decision to prosecute *and* the decision not to prosecute. *See Ross Yordy Constr. Co. v. Naylor*, 55 F.3d 285, 287–88 (7th Cir. 1995). In addition, the immunity applies when the refusal to prosecute is based, as alleged here, on a reason that the plaintiff considers improper (here, the victim's race). *See Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982) (prosecutor immune from suit alleging racial bias in declining to prosecute case against son's murderer). That is because the prosecutor's function—deciding whether to bring a

criminal case—is relevant to immunity, not his rationale. *See Savage v. Maryland*, 896 F.3d 260, 270–71 (4th Cir. 2018) (collecting cases and noting that prosecutor's motivation in declining to prosecute is "immaterial"). Furthermore, because absolute immunity covers the decision not to prosecute, it necessarily also covers a prosecutor's decisions in the course of a charging decision as to the need to investigate or document an investigation. *See Imbler*, 424 U.S. at 430–31. Finally, Stingley cannot overcome the prosecutors' absolute immunity to this damages suit by appending a request for injunctive relief because, as we mentioned earlier, he also lacks a "judicially cognizable interest" in demanding prosecutorial action. *Linda R.S.*, 410 U.S. at 619. Therefore, the district court correctly dismissed this suit.

We have considered Stingley's other arguments, and none has merit.

AFFIRMED