**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

GREG LOPEZ; RODNEY PELTON;
STEVEN HOUSE,

    Plaintiffs - Appellants,

v.

JENA GRISWOLD, Colorado
Secretary of State, in her official
capacity; JUDD CHOATE, Director
of Election, Colorado Department of
State, in his official capacity,

    Defendants - Appellees.

No. 22-1082
(D.C. No. 1:22-CV-00247-JLK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

The Colorado Constitution is designed to encourage political candidates to limit their expenditures. This design is based on statutory limitations on contributions. If candidates agree to limit their expenditures, supporters of these candidates can contribute up to twice the statutory

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

limits in some circumstances. Colo. Const. art. XXVIII, § 4(5). By allowing supporters to double their contributions, the state constitutional provision was intended to encourage candidates to limit their expenditures.

This appeal arises from a challenge to these provisions. Two candidates and a contributor challenged these provisions during the 2022 election cycle. In confronting these challenges, the district court denied a request for a preliminary injunction that would have suspended these provisions during the pendency of the underlying suit. This appeal challenges the denial of the preliminary injunction.

The defendants argue that the entire appeal is moot, noting that the 2022 election has passed. For this argument, the defendants bear the burden. *WildEarth Guardians v. Public Serv. Co. of Colo.*, 690 F.3d 1174, 1183 (10th Cir. 2012). We conclude that the defendants have satisfied their burden.

## 1.    The Colorado Constitution's method of limiting spending

Colorado generally limits the amount that someone can contribute to a candidate in primary and general elections. *See* 8 Colo. Code Regs. § 1505-6:10.17.1(i) (2019) (setting limits on spending for candidates running for governor and state senate). But a candidate's supporters can make contributions that double the general limits if

- the candidate agrees to limit campaign spending to a specified amount and

2

- an opponent raises at least 10% of the applicable limit and declines to cap expenses at the specified limit.

Colo. Const. art. XXVIII, § 4(5).

The challengers to this scheme included

- candidates running in 2022 for governor (Greg Lopez) and the state senate (Rodney Pelton) and

- a contributor (Steven House).

## 2. Challenge by the gubernatorial candidate (Mr. Lopez)

Mr. Lopez lost in the 2022 primary, and he concedes that his appeal is moot. Given Mr. Lopez's concession, we dismiss his appeal as moot. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72–73 (2013) (assuming without deciding that the claim was moot in light of the claimant's concession in earlier proceedings that an offer of judgment would moot the claim).

## 3. Challenge by the senatorial candidate (Mr. Pelton)

The defendants argue that Mr. Pelton's claim became constitutionally moot when the 2022 election ended. But we need not address constitutional mootness because Mr. Pelton's appeal is at least prudentially moot.[1]

---

[1]    We need not address constitutional mootness before prudential mootness. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999))); *see also* Charles Allen Wright, Arthur R. Miller, and Edward H. Cooper, 13B Fed. Prac. & Proc. Juris § 3533.1, at 763 (3d ed. 2008) ("It also is appropriate

Under the doctrine of prudential mootness, we can treat an appeal as moot when the potential injuries are remote enough for the district court to withhold equitable relief. *Jordan v. Sosa*, 654 F.3d 1012, 1024, 1029, 1033–34 (10th Cir. 2011). This doctrine applies here.

Mr. Pelton opposes mootness, arguing that when he campaigns again, he would again confront the same provisions that encourage spending limits.[2] A future candidacy might ordinarily prevent mootness. *See Citizen Ctr. v. Gessler*, 770 F.3d 900, 907 (10th Cir. 2014) (concluding that a claim for a prospective injunction wasn't moot because the requested relief could affect future elections). Here, though, an injury to Mr. Pelton's future candidacy would require us to indulge two layers of speculation.

First, it is unclear when the disputed spending provisions would affect Mr. Pelton. These provisions would affect Mr. Pelton only when he campaigns again. Colo. Rev. Stats. § 1-45-110(1); Colo. Const. art. XXVIII, § 4(3). Mr. Pelton won the 2022 general election,[3] so he wouldn't

---

to invoke a prudential principle without confronting the uncertain line between Article III and prudential grounds . . . .").

[2]     Mr. Pelton also argues that the spending limit hurts his ability to pay off his campaign debts for the 2022 election. But the disputed spending provision doesn't restrict his ability to raise money. Given the absence of a restriction on raising money, Mr. Pelton doesn't explain how the disputed spending provision impairs his ability to pay off his existing campaign debts.

[3]     We take judicial notice of Mr. Pelton's victory in the 2022 election for state senate. *See* Senator Rodney Pelton, Colorado General Assembly

face reelection until 2026. *See* Colo. Const. art. V, § 3(1) ("Senators shall be elected for the term of four years."). Although Mr. Pelton intends to run for office in the future, he has not indicated which office he intends to seek or when he would accept the spending limit.

He could conceivably start raising money now for a campaign four years away. But Mr. Pelton doesn't need to decide whether to limit spending until he starts campaigning for a future election. *See* Colo. Rev. Stats. § 1-45-110(1); Colo. Const. art. XXVIII, § 4(3).

Second, we can't predict how long the preliminary injunction would last, for it would end when the district court issues a final judgment. *United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988). And the district court has plowed ahead during the pendency of this appeal. For example, the district court set deadlines

- in April 2023 for discovery and

- in May 2023 for dispositive motions.

In light of these deadlines, the district court will likely enter a final judgment before Mr. Pelton could reach the spending limit.

Given the two layers of speculation, Mr. Pelton's appeal is prudentially moot because the possibility of an interim injury rests on

---

(last accessed Jan. 26, 2023), https://leg.colorado.gov/legislators/rod-pelton; *see also Mont. Green Party v. Jacobsen*, 17 F.4th 919, 927 (9th Cir. 2021) (taking judicial notice of election results under Federal Rule of Evidence 201(b)(2) based on the state's public website).

speculation. *See Jordan v. Sosa*, 654 F.3d 1012, 1024–25 (10th Cir. 2011) (noting that a request for injunctive relief would become moot if continued susceptibility to an injury was speculative).

**4.    Challenge by the contributor (Mr. House)**

Mr. House challenges the provisions increasing the statutory caps on contributions to candidates.

The disputed spending provisions don't restrict the amount of money that Mr. House can contribute. Granted, state law elsewhere caps contributions. But Mr. House isn't challenging those caps; he challenges only the provision that allows an increase in those caps.

For this challenge, Mr. House argues that other contributors might be able to contribute more than he can. But any complaint about this difference would be prudentially moot for two reasons. First, no contributor can contribute more to a particular candidate than he can. Second, any possible injury to Mr. House would rest on too much speculation to justify a preliminary injunction. We don't know who Mr. House will support in future elections, whether those candidates will accept or decline the spending limit, whether those candidates will face opponents, or whether those opponents would accept or decline the spending limit. Without knowing these things, a court could just speculate whether another contributor would be able to donate more than Mr. House.

So his appeal is prudentially moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1024–25 (10th Cir. 2011).

**5.    Conclusion**

We lack appellate jurisdiction because

- Mr. Lopez concedes that his appeal is moot,

- Mr. Pelton's appeal is prudentially moot because the applicability of the disputed spending provision rests on speculation, and

- Mr. House's appeal is prudentially moot because the possibility of an injury in future elections would rest on speculation.

So we dismiss the appeal as moot.[4]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[4]    Because we dismiss the appeal as moot, we don't address the merits of the plaintiffs' appellate arguments.